Blume v Jacobwitz (2023 NY Slip Op 00025)

Blume v Jacobwitz

2023 NY Slip Op 00025

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 160901/15 Appeal No. 17031 Case No. 2021-03936 

[*1]Charles A. Blume, Plaintiff,
v
Jeanne Jacobwitz, et al., Defendant.
[Third-Party Actions]
Chubb National Insurance Company, as Subrogee of Jeanne Jacobwitz, Plaintiff-Appellant,
v
Deti Ad Renovation Corp., et al., Defendants-Respondents.

Law Offices of Steven I. Hilsenrath, Valley Stream (Steven I. Hilsenrath of counsel), for appellant.
Law Offices of Michael L. Tawil, P.C., White Plains (Michael L. Tawil of counsel), for Deti AD Renovation Corp., respondent.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (Adonaid C. Medina of counsel), for Ariana Contracting, Inc., respondent.
Offit Kurman, P.A., New York (Peter Sayer of counsel), for Andrew Wynnyk, respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 14, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff Chubb National Insurance Company's cross motion for summary judgment, and granted the separate summary judgment motions of defendants Deti Ad Renovations, Corp., Ariana Contracting, Inc., and Andrew Wynnyk (collectively, defendants) dismissing Chubb's complaint as against them, unanimously modified, on the law, to deny defendants' motions, and otherwise affirmed, without costs.
Defendants failed to establish their prima facie entitlement to summary judgment, as the record presents issues of fact as to whether Deti and Ariana abided by the terms of the parties' agreements, and as to what exactly caused the damage to plaintiff's property. As the motion court recognized, both Deti and Ariana signed contracts — namely, the renovation and alteration guidelines (the alteration agreements) — which required them to maintain a certain amount of insurance and memorialized their agreement that "[p]rior to the commencement and during the progress of any work, the contractor shall be responsible for the prevention of hazards to personal property, including that of the tenant-shareholder, the other building residents, and the public." We find that there are factual issues surrounding the scope of the alteration agreements which preclude awarding summary judgment in defendants' favor. We reject the arguments of both Deti and Ariana that the alteration agreements signed by them did not constitute binding contracts. They do not deny that they procured the liability insurance required by the alteration agreements or that they did the work governed by the agreements.
However, in interpreting the alteration agreements, the court should not have determined that they did not apply to the loss as a matter of law. We find that the scope of the alteration agreements was ambiguous, particularly given that the alteration agreements do not define what is meant by "prevent hazards" or "prior to the commencement and during the progress of any work." When the meaning of a contract is ambiguous and the intent of the parties is unclear, the record presents a question of fact that cannot be resolved on a motion for summary judgment (Ruttenberg v Davidge Data Sys. Corp., 215 AD2d 191, 192-193 [1st Dept 1995]).
The court also made other factual determinations inappropriate for summary judgment. Defendants emphasize that the cause of the flood that damaged plaintiff's property has never been determined, but that is largely because defendant contractors did the work in an apartment where there were no other witnesses and because no one else was present when defendant Wynnyk, plaintiff's designer, was in the apartment on the evening before the leak occurred. Moreover, defendants' contention is based on their own testimony disclaiming responsibility. In fact, the record evidence on the issue presents questions of credibility [*2]that should be submitted to a jury (see e.g. Doumbia v Moonlight Towing, Inc., 160 AD3d 554, 554 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023